# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| FOSTER BILLINGS II, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| *Plaintiff,* | ) Case No.:_____ |
| v. | )<br>) **Complaint—Class Action** |
| REVOLUTION MOTORSPORTS d/b/a HARLEY-DAVIDSON OF COOL SPRINGS, a Louisiana company, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| *Defendant.* | ) |

## CLASS ACTION COMPLAINT

Plaintiff Foster Billings II ("Plaintiff" or "Billings") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Revolution Motorsports d/b/a Harley-Davidson of Cool Springs ("Harley-Davidson" or "Defendant Harley-Davidson") to: (1) stop its practice of placing calls using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior express written consent to receive them--and to those on the National Do Not Call Registry--and (3) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Billings is a natural person and a resident of Clarksville, Tennessee.

2. Defendant Revolution Motorsports d/b/a Harley-Davidson of Cool Springs is a company located at 7128 South Springs Drive, in Franklin, Tennessee. Defendant conducts business throughout this District, the State of Tennessee, and the United States.

## JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because both Plaintiff and Defendant reside in this District.

## COMMON ALLEGATIONS OF FACT

5. Senator Hollings, the [Telephone Consumer Protection Act's ("TCPA")] sponsor, described robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone cord out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended telephone subscribers another option: telling the autodialers to

simply stop calling." *Osario v. State Fram Bank, F.S.B.,* 746 F.3d 1242, 1256 (11th Cir. 2014). Thus, the TCPA was enacted to empower the private citizen and protect the privacy (and perhaps the sanity) of consumers nationwide.

6. But, unfortunately, illegal robocalls continue to increase and further invade the privacy of millions of consumers. Last year, in 2016, 4 million complaints related to robocalling were lodged with the Federal Communications Commission (the "FCC").[1] This number is markedly higher than the previous year, which yielded 2.6 million complaints (which rose from the year before that).[2] Notably (and inauspiciously), many consumers who have been subjected to illegal robocalling activity do not report each instance of illegal robocalling activity, and the actual number of consumers affected by illegal robocalls is significantly higher.

7. Here, Defendant is a company that sells new and used Harley-Davidsons to consumers.

8. Defendant has turned to unsolicited telemarketing as a way to increase its customer base, sell more motorcycles, and ultimately increase its bottom line. Accordingly, Defendant makes prerecorded telemarketing calls and/or has hired agents to make its prerecorded telemarketing calls on its behalf.

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 - September 30, 2016,* FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwated-Calls/vakf-fz8e.

[2] *National Do Not Call Registry Data Book FY 2015,* FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf: *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones,* FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY 2014,* FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

9. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

10. Yet, in violation of this rule, Defendant calls consumers on their cellular telephones using a prerecorded or artificial voice without their prior written express consent in violation of the TCPA.

11. Indeed, in placing the calls that form the basis of this Complaint, Defendant, or its affiliated entities, utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

12. Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

13. To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. §

4

310.4(b)(3)(iv).

14. When placing its calls to consumers, Defendant failed to get the prior express written consent required by the TCPA of cellular telephone owners/users as required by the TCPA to make such calls.

15. Furthermore, Defendant calls consumers who have no "established business relationship" with Defendant, and Defendant failed to scrub its lists to ensure that it was not placing calls to person's whose numbers were registered on the Do Not Call Registry. As a result, it called persons whose numbers were registered on the Do Not Call Registry.

16. Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

17. Defendant knowingly made (and continues to make) prerecorded telemarketing calls to cellular telephones without the prior express consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Classes but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF FOSTER BILLINGS II

18. On January 15, 2015 Plaintiff registered his cellular telephone number on the National Do Not Call Registry specifically to avoid receiving telemarketing calls.

19. Around the middle part of 2015, Plaintiff visited Harley-Davidson of Cool Springs. While there, he was asked for his contact information but did not fill out any forms or sign any documents with them. Plaintiff decided not to purchase a vehicle from Harley Davidson after looking around the store and left. Plaintiff did not realize that his phone number would then be placed into Harley Davidson's system and that he would be subjected to repeated phone calls over the next 2 years.

20. Shortly after his visit, Plaintiff received multiple calls on his cellular telephone from the phone number (615) 771-7775 (the "7775 Number").

21. Immediately when the calls from Harley-Davidson began in the middle of 2015, Plaintiff demanded on several occasions for the agents to stop calling him, that he was registered on the do not call registry, and to place his phone number on their internal do not call list.

22. Despite Plaintiff's repeated requests, Harley-Davidson continued to repeatedly call him from the (615) 771-7775 number on his cellular telephone since the middle of 2015.

23. The (615) 771-7775 number is controlled and/or utilized by Harley-Davidson.

24. As an example, on August 31, 2017, Plaintiff answered a call from Harley-Davidson and again demanded that they stop calling him. Plaintiff went so far as to speak to the dealership manager to ensure he would be taken off Harley-Davidson's calling list. Plaintiff was assured he would be taken off Harley Davidson's calling list.

25. Still, the calls persisted.

26. As another example, on October 19, 2017, Harley-Davidson called Plaintiff on his cell phone using a prerecorded message encouraging him to visit the dealership. The prerecorded message left on Plaintiff's voicemail stated:

> …this is Jamie from Harley-Davidson at Cool Springs, and I wanted to leave you a message inviting you to this weekend's Biketoberfest Party at the dealership. So, if you're not in Daytona for the real thing, come hang out with us, and listen to some live bands, and have some food and beer, on us. It's this Saturday from noon to 4 p.m. at Harley-Davidson at Cool Springs, in Franklin, Tennessee. And, if you're thinking about that new Harley-Davidson, we're offering 110% of NADA for your trade-in this entire month of October. So come enjoy some free food, free beer, live bands, and 110% NADA on trade, this Saturday, from noon to 4 p.m., at Harley-Davidson at Cool Springs. Press eight to be removed from our events list.

27. This pre-recorded message is clearly a solicitation as it is was made for the purpose of encouraging the purchase or investment in Harley-Davidson's vehicles whether or not

a consumer trades-in their vehicle.

28. Plaintiff estimates he has received around two calls per month every month since the middle of 2015.

29. During all relevant times, Defendant did not possess Plaintiff's prior express written consent to be contacted on his cellular telephone using an automatic telephone dialing system or prerecorded voice message.

30. To the extent any prior express consent existed, it had been subsequently revoked by Plaintiff's multiple opt-out requests.

31. Accordingly, during all relevant times, Plaintiff never consented either orally or in writing to receive prerecorded calls (or any calls for that matter) placed to his cellular telephone from Harley-Davidson.

32. By making unauthorized automated and prerecorded telephone calls as alleged herein, Harley-Davidson has caused consumers actual harm. In the present case, a consumer could be subjected to multiple, repeating unsolicited prerecorded calls because Harley-Davidson's opt out mechanism does not work. Harley-Davidson caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and in certain cases appropriating cellular minutes, in addition to the invasion of privacy and nuisance of having to answer such unsolicited calls.

33. To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals alleged in this Complaint, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded calls to cellular telephones.

34. On behalf of the Classes, Plaintiff also seeks an injunction requiring Harley-Davidson to cease all unsolicited and unauthorized prerecorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees to be paid from a common fund established for the benefit of the Classes.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the four classes defined as follows:

> **Prerecorded No Consent Class**: All persons in the United States within the previous four (4) years prior to the date of the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products, (4) using a prerecorded voice, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.
>
> **Do Not Call Registry Stop Class**: All individuals in the United States (1) who had his/her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant within a 12-month period; (3) who requested that Defendant not call them again; and (4) who received another call from Defendant after the person informed Defendant that s/he no longer wished to receive calls from Defendant at least 30 days after requesting to no longer be called.

36. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates needing to amend the class definitions following reasonable and appropriate class discovery.

37. On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

38. There are several questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

    a. whether Defendant's conduct constitutes a violation of the TCPA;

    b. whether Defendant utilized a prerecorded voice when placing calls to members of the Classes;

    c. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct;

    d. whether Defendant obtained prior express written consent to contact any class members on their cellular telephones;

    e. whether Defendant obtained prior express consent to contact any class

members on their cellular telephones who had their numbers registered on the National Do Not Call Registry;

f.  whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called; and

g.  whether Plaintiff and the members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes, including the annoyance and aggravation associated with such pre-recorded calls as well as the loss of cellular plan minutes and temporary inability to enjoy and use their cellphones, as a result of the transmission of the prerecorded calls alleged herein. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of placing prerecorded calls. Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Classes, received unsolicited prerecorded calls from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of herself and all absent members of the Classes.

40. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained

counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

41. The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue placing unsolicited and unauthorized prerecorded calls to the public. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Classes in placing the prerecorded calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

42. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all consumers throughout the United States who received an unsolicited and unauthorized pre-recorded call from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually

11
Case 3:18-cv-00277   Document 1   Filed 03/09/18   Page 11 of 19 PageID #: 11

impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43. Adequate notice can be given to the members of the Classes directly using information maintained in Defendant's records or through notice by publication.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Prerecorded No Consent Class on their cellular telephones in an effort to sell its products using a prerecorded voice as defined in the TCPA.

46. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

47. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Prerecorded No Consent Class simultaneously and without human intervention.

48. During all relevant times, Defendant did not possess any prior express written

consent from Plaintiff and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

49. During all relevant times, Defendant did not possess any prior express consent of the persons receiving its prerecorded telephone calls.

50. By making unsolicited telephone calls to Plaintiff and members of the Prerecorded No Consent Class's cellular telephones using a prerecorded voice, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent as required.

51. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

52. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded No Consent Class.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[3]

57. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

58. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is

15
Case 3:18-cv-00277   Document 1   Filed 03/09/18   Page 15 of 19 PageID #: 15

maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

59. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

60. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

61. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

62. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

63. To the extent Defendant's misconduct is determined to be willful and knowing,

the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Stop Class)**

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65. Defendant violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to cellular telephone subscribers such as Plaintiff and the Do Not Call Registry Stop Class who were registered on the National Do Not Call Registry and who specifically told Defendant to stop calling them, and who received two or more additional calls within a 12-month period from Defendant at least thirty (30) days after informing Defendant to stop calling them. Defendant made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

66. As a result of Defendant's unlawful conduct, Plaintiff and the Do Not Call Registry Stop Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Do Not Call Registry Stop Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

67. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Do Not Call Registry Stop Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, prays for the following

relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Foster Billings II as the representative of the Classes, and appointing his counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F. An order requiring Defendant to identify any third-party involved in the prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

G. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

H. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

I. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

J. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

18

K. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

L. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 9, 2018

**FOSTER BILLINGS II**, individually, and on behalf of all others similarly situated,

/s/ Brian T. Boyd
Brian T. Boyd (BPR# 023521)
Bennett J. Wills (BPR# 034831)
LAW OFFICE OF BRIAN T. BOYD
750 Old Hickory Blvd
Bldg. 2, Ste. 150
Brentwood, TN 37027
Phone: (615) 371-6119
Fax: (615) 523-2595
brian@boydlegal.co
bennett@boydlegal.co

Manuel Hiraldo*
Hirladolaw.com
HIRLADO P.A.
401 E. Las Olas Blvd., Ste 1400
Fort Lauderdale, Florida 33301
Phone: (954) 400-4713
mhiraldo@hiraldolaw.com

Stefan Coleman*
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Phone: (877) 333-9427
Fax: (888) 498-8946
law@stefancoleman.com

*Motions for admission *pro hac vice* to be filed